IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-HC-2146-FL

| | | |
|---|---|---|
| RONNIE HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THEODIS BECK, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter came before the court on the motion to dismiss (DE # 4) pursuant to Federal Rule of Civil Procedure 12(b)(6) of respondent Theodis Beck (hereinafter "respondent"). The matter is ripe for adjudication. For the following reasons, the court grants respondent's motion.

STATEMENT OF CASE

On September 4, 1985, in the Superior Court of Pitt County, petitioner pled guilty to first-degree rape, first-degree sexual offense, first-degree kidnaping, and robbery with a dangerous weapon. (Resp't's Mem. Ex. 1.) He was sentenced to two concurrent life sentences for the first-degree rape and first-degree sexual offense charges, a consecutive twelve-year sentence for the first-degree kidnaping charge, and a consecutive forty-year sentence for the armed robbery charge. (Id.) Petitioner did not file a direct appeal.

On May 1, 1987, petitioner filed a *pro se* motion for appropriate relief (hereinafter "MAR") in the Pitt County Superior Court. (Id. Ex. 2.) The Superior Court denied petitioner's MAR on July 2, 1987. (Id. Ex. 3.) Thereafter, on May 18, 1995, petitioner filed a *pro se* petition for writ of

certiorari with the North Carolina Supreme Court, which was denied on September 7, 1995. (Id. Exs. 4 and 5.)

On January 4, 2001, petitioner filed a pleading in the Superior Court captioned "Defendant's Amended Motion for Appropriate Relief." (Id. Ex. 6.) Petitioner's motion was denied on August 3, 2001. (Id.)

On February 4, 2002, petitioner filed a *pro se* petition for a writ of mandamus in the North Carolina Court of Appeals, alleging that the Superior Court had not ruled on the MAR he filed on September 9, 2001.[1] (Id. Ex. 7.) The Court of Appeals dismissed petitioner's mandamus petition on February 22, 2002. (Id. Ex. 9.)

On July 21, 2003, petitioner filed another *pro se* MAR in the Superior Court, which was denied on August 14, 2003. (Id. Ex. 10.) On November 10, 2004, petitioner filed, in the Superior Court, a pleading captioned "Petitioner's Affidavit; Motion for Appropriate Relief And Demand for Specific Performance of Plea Agreement; Motion for Declaratory Judgment; and Petition for Writ of Habeas Corpus." (Id. Ex. 11.) The Superior Court construed petitioner's pleading as a MAR and denied it on January 28, 2005. (Id. Ex. 12.)

On March 4, 2005, petitioner filed a petition for a writ of certiorari in the Court of Appeals. (Id. Ex. 13.) On the same date, petitioner also filed a petition for writ of habeas corpus in the Court of Appeals. (Id. Ex. 14.) On April 25, 2005, petitioner filed a pleading captioned "Motion for Summary Judgment" in the Court of Appeals. (Id. Ex. 15.) The Court of Appeals thereafter denied

---

[1] Respondent's counsel states that he could not find a copy of the MAR petitioner referenced in his February 2, 2002 mandamus petition.

petitioner's petition for writ of habeas corpus, certiorari petition, and "Motion for Summary Judgment." (Id. Exs. 17 and 18.)

On August 21, 2006, petitioner filed a petition for writ of certiorari in the North Carolina Supreme Court requesting a belated appeal of his 1985 guilty plea and sentence. (Id. Ex. 19.) The Supreme Court denied petitioner's certiorari petition on October 5, 2006. (Id. Ex. 20.)

On August 2, 2007, respondent filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, petitioner alleges the following: (1) he was denied effective assistance of trial and appellate counsel; (2) he was denied his right to appeal; and (3) his sentence was obtained in violation of the Eighth Amendment of the United States Constitution's Cruel and Unusual Punishment Clause. On September 24, 2007, respondent filed a motion to dismiss, arguing that petitioner's habeas petition was filed outside of the statute of limitation, and therefore is time-barred. Petitioner filed a response on October 15, 2007.

DISCUSSION

I. Standard of Review

Because respondent attached matters outside the pleadings, which the court has considered in its review, respondent's motion to dismiss will be treated as a motion for summary judgment. Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment must come forward and demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

3

II. Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

Pursuant to § 2244(d)(1)(A), the statute of limitation runs from the date on which a prisoner's conviction becomes final. Id. If a prisoner's conviction became final prior to the effective date of the AEDPA, the one-year statute of limitation runs from April 24, 1996, the AEDPA's effective date. Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). The running of the "period of limitation" under § 2244(d)(1) is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing until final disposition by the state courts. See Taylor, 186 F.3d. at 561. Absent any tolling, the limitation period expires on April 24, 1997.

In the case at hand, petitioner's conviction became final prior to the effective date of the AEDPA. Petitioner did not have any pending claim for post-conviction relief on the date the

4

AEDPA was enacted. Accordingly, the one year statute of limitation began to run on April 24, 1996, and ran for three hundred sixty-five (365) days until it expired on April 24, 1997.

Petitioner contends that he is entitled to belated commencement of the limitation period under § 2244(d)(1)(D) because he did not discover that he was denied the right to file an appeal until after the expiration of the limitation period. The statute of limitation period is triggered pursuant to § 2244(d)(1)(D) on the date which the exercise of due diligence would have led the petitioner to discover the factual predicate of his claim. Green v. Johnson, 515 F.3d 290, 305 (4th Cir. 2008) (citing Wade v. Robinson, 327 F.3d 328, 331 (4th Cir. 2003) (finding that the one-year statute of limitation began to run on the date petitioner's good-time credits were rescinded)).

Here, petitioner did not raise his claim that he was denied his right to file an appeal until August 21, 2006 when he filed his petition for a writ of certiorari in the North Carolina Supreme Court. Petitioner alleges that his nearly twenty-one (21) year delay in raising this claim is due to the fact that he received ineffective assistance of counsel. Petitioner does not explain how his counsel's ineffectiveness prevented him from raising this claim for nearly twenty-one (21) years. Nor does petitioner explain how he finally discovered the facts underlying his alleged claim. Finally, petitioner has not presented any evidence to demonstrate how he exercised due diligence to discover the factual predicate of his claim. Because petitioner has not shown that he exercised due diligence to discover his claim, the timeliness of this claim should be calculated based upon the date petitioner's conviction became final. Therefore, petitioner's argument is without merit.

Petitioner also contends that he is entitled to belated commencement of the limitation period under § 2244(d)(1)(D) because he discovered a retroactive change in North Carolina law subsequent to the expiration of the limitations period. Petitioner seeks to assert a claim pursuant to Robbins v

5

Freeman, 127 N.C. App. 162 (1997), aff'd 347 N.C. 664 (1998), which held that there is no authority for the North Carolina Parole Commission's (hereinafter "the Commission") practice of "paper paroling" prisoners and that the Commission must apply N.C. Gen. Stat. § 15A-1354(b) in calculating parole eligibility. The Robbins court further held that a determination of parole eligibility under N.C. Gen. Stat. § 15A-1354(b) requires that consecutive sentences be aggregated. Robbins, 127 N.C. App. at 165.

As stated, the statute of limitation period is triggered pursuant to § 2244(d)(1)(D) on the date which the exercise of due diligence would have led petitioner to discover the factual predicate of his claim. Green, 515 F.3d at 305. It is important to note that the time commences when the "factual predicate 'could have been discovered through the exercise of due diligence,' not when it was actually discovered" by a petitioner. Felder v. Faulkenberry, No. 4:06-377-PMD, 2007 WL 320907, *6 (D.S.C.), aff'd, 256 Fed. Appx. 605 (4th Cir. 2007) (unpublished) (quoting Owens v. Boyd, 235 F. 3d 356, 359 (7th Cir. 2000)). Additionally, the "trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance." Id.

Robbins was decided on August 5, 1997, subsequent to the expiration of the limitation period. Petitioner, however, did not raise his Robbins claim until he filed his August 2, 2006 petition for a writ of certiorari in the North Carolina Supreme Court. Petitioner attempts to explain the delay in filing his Robbins claim by contending that he did not discover the changes set forth in Robbins until April 27, 2006, when the Commission sent him a letter informing him of his parole calculation date.[2] These facts, however, do not demonstrate that petitioner acted with due diligence because

---

[2] The Commission sent petitioner the letter regarding his parole calculation date in response to an inquiry from petitioner.

6

he could have contacted the Commission at an earlier date to discover whether his parole eligibility date was affected by Robbins.[3] See Schaffer v. Talbert, No. 5:06-HC-2200-BO (E.D.N.C. Jun. 18, 2007) (unpublished), appeal dismissed, No. 07-6959 (4th Cir. Nov. 13, 2007) (unpublished) (finding that the petitioner cannot show due diligence for Robbins claim as petitioner did not assert claim from his 1994 plea until 2006). Nor has petitioner produced any other evidence to explain the nearly ten (10) year delay in discovering his Robbins claim. Therefore, this argument is without merit.

Petitioner alternatively argues that the limitation period should have been tolled until the North Carolina Supreme Court denied petitioner's certiorari petition on October 5, 2006. The running of the period of limitation under § 2244(d)(1) is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561.

In Frasch v. Peguese, 414 F.3d 518 (4th Cir. 2005), the Fourth Circuit Court of Appeals held that the statutory period was tolled where the petitioner, via collateral review, obtained a Maryland state appellate court order allowing him to file a belated application for leave to appeal his conviction and sentence almost ten years after his conviction. The court reasoned that petitioner's belated appeal was treated as the initiation of direct review of his claim, and that the statutory period did not begin to run until after the time for seeking further direct review expired. Id. at 524.

---

[3] The court notes that at a minimum, petitioner should have been aware of his Robbins claim on June 1, 2005, the parole eligibility date for his first life sentence. (Resp't's Mem. Ex. 19, attach.) However, petitioner did not raise this claim until over one year later on August 2, 2006, when he filed his petition for a writ of certiorari before the North Carolina Supreme Court. (Id. Ex. 19.)

Petitioner's case is distinguishable from Frasch in that petitioner was not granted a belated appeal. This case further is distinguishable in that the North Carolina Supreme Court's dismissal of his certiorari petition was not a decision on the merits of petitioner's claim. See Felton v. Barnett, 912 F.2d 92, 94-95 (4th Cir. 1990) (finding that, in North Carolina, denial of certiorari is a discretionary form of review and that it is not a judgment, but a refusal to hear the case). Rather, petitioner's certiorari petition was a request pursuant to N.C. R.App. P. 21(a) for extraordinary review and not part of either the direct or collateral review process. See Headen v. Beck, 367 F. Supp. 2d 929, 932 (M.D.N.C. 2005) ("The later petitions for certiorari did not resurrect the direct appeal.") For these reasons, Frasch is not applicable to this case, and the statutory period was not tolled pending the dismissal of petitioner's certiorari petition.

Finally, petitioner alleges that he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitation is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (citations and quotations omitted). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. " 'Any invocation of equity to relieve the strict application of a statute of limitation must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.' " Id. (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). "Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Rouse, 339 F.3d at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [petitioner's] control prevented him from complying with the

8

Case 5:07-hc-02146-FL   Document 10   Filed 06/19/08   Page 8 of 9

statutory time limit." Rouse, 339 F.3d at 246. (citation and quotations omitted). Petitioner has not presented such extraordinary circumstances. Therefore, any equitable tolling claim is without merit.

CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 4) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 19th day of June, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge

9